UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STABILIS FUND II, LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-283-B |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Stabilis Fund II, LLC (Stabilis) has accused Compass Bank (Compass) of fraudulently inducing it to buy a loan from Compass. Compass counterclaims that Stabilis breached the written agreement memorializing the transaction. Stabilis now moves to dismiss Compass's counterclaim. The Court **GRANTS** in part and **DENIES** in part Stabilis's motion.

## I.

## BACKGROUND[1]

*A.  Factual Background*

On December 28, 2007, Zions First National Bank (Zions) loaned the Kauras $4,050,000. Doc. 49, Am. Compl., ¶¶ 16–17. Zions assigned the loan to BBVA Bancomer USA (BBVA). *Id.* ¶ 18. And Compass became the lender on the loan "by 2011." *Id.*

After the Kauras defaulted on the loan, *id.* ¶ 21, Compass negotiated and executed a written

---

[1] The Court derives the facts from Plaintiff's First Amended Complaint. Any contested fact will be so noted.

-1-

loan modification agreement (LMA) with the borrowers. *Id.* ¶¶ 24–25.

On March 14, 2013, Compass sold the loan to Stabilis. The companies memorialized the transaction in a loan sale agreement (LSA). *Id.* ¶ 47. In the LSA, Stabilis assumed responsibility for Compass's past and future litigation involving the Kaura loan. Doc. 63, App. in Supp. of Pl.'s Mot. to Dismiss, tab 3, § 2.01(e)(i). Further, Stabilis agreed to litigate all claims arising from the LSA in Dallas County. *Id.* § 9.07. And Stabilis disclaimed reliance on extra-contractual representations. *Id.* § 3.02(d).

Shortly after Stabilis purchased the Kaura Loan, the Kauras filed suit in California against Compass based on the LMA (the California Action). *Id.* ¶ 48. On June 8, 2017, the jury in the California Action found for Compass. *Id* ¶ 69. But the Kauras appealed. *Id.* ¶ 70.

B. *Procedural History*

On September 22, 2017, Stabilis sued Compass in New York state court. Doc. 1, Notice of Removal, ¶ 1. Stabilis alleged that Compass defrauded it by failing to disclose the loan modification agreement between Compass and the Kauras. Doc. 49, Am. Compl., ¶¶ 80–105. Compass timely removed the suit to the Southern District of New York. Doc. 1, Notice of Removal, 5. And in February 2018 the Southern District of New York transferred the case to this Court. Doc. 25. Compass then filed a counterclaim against Stabilis in February 2018, which it amended on April 20, 2018. Doc. 45, Countercl.; Doc. 57, Am. Countercl. On May 3, 2018, Stabilis moved to dismiss Compass's counterclaim under Federal Rule of Civil Procedure 12(b)(6). Doc. 62, Mot. to Dismiss. Stabilis's motion is ripe.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim upon which relief may be granted. When analyzing Rule 12(b)(6) motions, courts generally consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). During this review, factual allegations must be viewed as true and taken "in the light most favorable to the plaintiffs." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) motions turn on whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Facially plausible complaints "'allege more than labels and conclusions'[;] . . . [the] 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). If the allegations lack sufficient detail, "this basic deficiency should . . . be exposed" before the parties and court spend unnecessary time and resources on the case. *Twombly*, 550 U.S. at 558.

## III.

## ANALYSIS

Compass raised three counterclaims against Stabilis: one for breach of contract, one for declaratory relief, and one for attorneys' fees. Doc. 57, Am. Countercl., ¶¶ 20–27. The Court will address each in turn.

A.  *Breach of Contract*

Compass claims that Stabilis breached the LSA by (1) refusing to indemnify Compass in the California Action, (2) misrepresenting that it relied only on representations in the LSA, and (3) filing suit in New York even though the LSA's venue clause required it to bring suits arising from the LSA in Texas. *Id.* ¶¶ 21–23. To prevail on a breach-of-contract claim, a claimant must prove "(1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *In Re Staley*, 320 S.W.3d 490, 499 (Tex. App.—Dallas 2010, no pet.). The Court will begin by discussing Compass's first theory of breach and then address its second two theories together.

1.  Indemnification in California Action

In the LSA, Stabilis assumed responsibility for Compass's litigation of the Kauras's claims involving the Kaura loan. Doc. 63, App. in Supp. of Pl.'s Mot. to Dismiss, tab 3, § 2.01(e)(i). But Stabilis contends that Compass defrauded it by failing to disclose the loan-modification agreement between Compass and the Kauras and that Compass's fraudulent conduct absolves Stabilis of any duty to indemnify. Doc. 62, Pl.'s Mot. to Dismiss, 3.

The Court disagrees. For the Court to dismiss Compass's third-party indemnity counterclaim based on Stabilis's argument that Compass's fraud absolved Stabilis of its duty to indemnify, the Court would have to find that Compass committed fraud. But because the Court may consider only the pleadings at the 12(b)(6) stage, the Court may not determine whether Compass defrauded Stabilis. The Court thus rejects Stabilis's argument and **DENIES** its motion to dismiss Compass's counterclaim that Stabilis breached the LSA by refusing to continue indemnifying Compass in the

California Action.

        2.        <u>Breach of Disclaimer-of-Reliance and Venue Clauses</u>

The third element of a contract claim is damages. *Staley*, 320 S.W.3d at 499. Under Texas law, a party claiming breach of contract cannot claim as damages the attorneys' fees from the case in which she is asserting her contract claim. *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir.2014).

Here, Compass claims only the attorneys' fees and costs from this case as damages resulting from Stabilis's alleged breach of the LSA's disclaimer-of-reliance and venue clauses. Doc. 57, Am. Countercl., ¶ 24. Because Compass cannot claim the attorneys' fees in this case as damages in its contract claim, Compass has failed to plead the damages element of a Texas contract claim. The Court thus **DISMISSES** with prejudice Compass's claims that Stabilis breached the LSA's disclaimer-of-reliance and venue clauses.

B.    *Declaratory Judgment*

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Federal courts have broad discretion to grant or refuse declaratory judgment." *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). And in the 12(b)(6) context, courts in this district have dismissed declaratory-judgment claims "that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Regus Mgmt. Group, LLC v. Int'l Bus. Machine Corp.*, No. 3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008).

Here, Compass has asked the Court to declare that Stabilis must indemnify it in the California Action and this suit. Doc. 57, Def.'s Am. Counterclaim, ¶ 26. But that is what Compass

asked for in its contract counterclaim. *Id.* ¶¶ 21–24. Because the Court finds that Compass's declaratory-judgment counterclaim seeks resolution of the same matters as its contract claim, the Court **DISMISSES** with prejudice Compass's declaratory-judgment counterclaim.

C. *Attorneys' Fees*

Texas law authorizes a party to collect attorneys' fees in some types of actions—but only from an individual or a corporation. Tex. Civ. Prac. & Rem. Code § 38.001. Section 38.001 does not authorize a party to collect attorneys' fees from a limited liability company. *PEG Bandwidth TX, LLC v. Texhoma Fiber, LLC*, 299 F. Supp. 3d 836, 848 (E.D. Tex. 2018). Because Stabilis is a limited liability company, Compass cannot collect attorneys' fees from Stabilis. The Court thus **DISMISSES** with prejudice Compass's counterclaim for attorneys' fees.

III.

CONCLUSION

The Court **DENIES** Stabilis's motion to dismiss Compass's contract counterclaim insofar as it alleges that Stabilis breached its duty to indemnify Compass in the California litigation. The Court **GRANTS** Stabilis's motion as it applies to the rest of Compass's counterclaims.

**SO ORDERED.**

**SIGNED July 30, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE