UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STABILIS FUND II LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0283-B |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Compass's motion for clarification and reconsideration. Doc. 79. For the following reasons, the Court **DENIES** Compass's motion.

On July 30, 2018, the Court issued an Order granting in part and denying in part Compass's motion to dismiss. Doc. 77, Mem. Op. & Order. Now Compass seeks clarification about whether the Court dismissed in full or in part Stabilis's fraudulent-inducement claim and urges the Court to dismiss the fraudulent-inducement claim in full if it has not already done so. Doc. 79, Mot. for Reconsideration, 1. Also, Compass urges the Court to reconsider its conclusion that Compass failed to disclose the loan modification agreement (LMA) in the loan sale agreement (LSA). *Id*. The Court addresses Compass's fraudulent-inducement-claim concerns first.

In its Order, the Court found that the disclaimer-of-reliance provision in the LSA barred Stabilis's fraudulent-inducement claim based on extra-contractual representations. Doc. 77, Mem. Op. & Order, 14. Compass seeks to clarify whether that holding applies to alleged affirmative misrepresentations and nondisclosures or only affirmative misrepresentations. Doc. 79, Mot. for Reconsideration, 2–4. If the latter, Compass asks the Court to find that the disclaimer-of-reliance

provision bars nondisclosures too. *Id.* at 4–8.

The Court's holding applies to alleged extra-contractual affirmative misrepresentations and nondisclosures. The Court agrees with Compass that Texas law compels this conclusion. *See, e.g.*, *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997)(finding disclaimer-of-reliance provision barred fraudulent-inducement claim based on nondisclosure because "non-disclosure allegations are simply the converse of . . . affirmative misrepresentations"). Thus, Stabilis's fraudulent-inducement claim based on allegations that, prior to execution of the LSA, Compass made affirmative misrepresentations that the LMA did not exist and failed to disclose the LMA is **DISMISSED with prejudice**.

But the Court declines to dismiss Stabilis's fraudulent-inducement claim in full. As Compass notes, the disclaimer-of-reliance provision bars "representations and nondisclosures that allegedly occurred prior to the execution of the LSA." Doc. 79, Mot. for Reconsideration, 1. But Stabilis's alleges that Compass failed to disclose the LMA in the LSA. *See* Doc. 49, Am. Compl., ¶ 32 (alleging that the schedule in the LSA did not include the LMA).[1] And because this claim arises from the contract—not "representations and nondisclosures that occurred prior to the execution of the LSA"—the disclaimer-of-reliance provision does not bar it. Hence the Court's language in its Order that its analysis of the disclaimer-of-reliance provision "does not apply to Stabilis's fraudulent-inducement claim premised on nondisclosure of the LMA in the LSA." Doc. 77, Mem. Op & Order, 14 n5. Thus, Stabilis's fraudulent-inducement claim arising from nondisclosure in the LSA survives.

---

[1] In its Order, the Court disagreed with Compass that the excluded-documents provision in the LSA absolved Compass of a duty to disclose all documents material to the loan in the LSA, Doc. 77, Mem. Op. & Order, 10, and Compass does not challenge that conclusion here.

Next, Compass asks the Court to reconsider its conclusion that Compass's inclusion in the LSA of a notice sent to the Kauras alerting them that the December 2011 LMA was void and ineffective adequately disclosed the LMA in the LSA. Doc. 79, Mot. for Reconsideration, 8–11.

Compass moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), Doc. 79, Mot. for Reconsideration, 4, but because the Court's Order was interlocutory, Rule 54(b) applies. *See Neaville v. Wells Fargo Bank, N.A.*, 3:11-cv-97-P, 2013 WL 121245900, at *2 (N.D. Tex. June 4 2013)(applying Rule 54(b) because the court's order granting in part and denying in part the defendant's motion for summary judgment was interlocutory). Under Rule 54(b), a court may revise an interlocutory order at any time before judgment. Fed. R. Civ. P. 54(b). Thus, Rule 54(b) is a less exacting standard than Rule 59. *Neaville*, 2013 WL 121245900, at *2. Nevertheless, "motions for reconsideration are only appropriate for the narrow purpose to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

Here, Compass fails to present newly discovered evidence, nor has the Court made a manifest error of law or fact. Instead, Compass rehashes its argument that the notice indicated Compass and the Kauras had fully executed a loan-modification agreement because the notice is titled "Failure to Satisfy Condition Precedent," and a condition precedent cannot exist absent an executed contract. *Id.* at 9 (quoting *Tabe v. Tex. Inpatient Consultants, LLLP*, No. 01-16-00971-CV, 2018 WL 3583359, at *3 (Tex. App.—Houston [1st Dist.] July 26, 2018)).

At the motion to dismiss stage, the Court may decide matters of law, such as the legal significance of a condition precedent, but not questions of fact, such as what Stabilis understood or should have understood based on the notice. *See Cotter v. Gwyn*, CIVIL ACTION NO. 15-4823, 2017 WL 2230013, at *2 (E.D. La. May 19, 2017)(finding that deciding "what Plaintiff knew or

should have known and at what point is inappropriate at [the motion to dismiss] stage" because it is question of fact); *Coleman v. Dall. Indep. Sch. Dist.*, No. CIV. A. 3:99-CV-1074, 2000 WL 715990, at *1 (N.D. Tex. June 1, 2000) (holding that courts should grant Rule 12(b)(6) motions to dismiss "if it is clear, as a matter of law," that no relief could be granted). Instead, the Court accepts as true Stabilis's factual allegations that the notice alerted it only that Compass and the Kauras had discussed a loan modification agreement because "[i]t is common in the banking and finance industry for a lender to discuss a possible loan modification for a borrower in default, and then to terminate such discussions with a letter like this one, when no agreement had ever been reached." Doc. 49, Am. Compl., ¶ 44.

Compass argues that Stabilis's allegations are not entitled to a presumption of truth because its allegations contradict the language of the notice. Doc. 79, Mot. for Reconsideration, 10. It argues that Stabilis cannot claim it believed the notice related to discussions of a possible loan modification agreement because the notice "nowhere states that Compass is terminating 'discussions' or a 'possible' loan modification." *Id.* But the Court refuses to accept that the notice must have explicitly stated that Compass was terminating discussions of a possible loan modification—and used those specific terms—in order for Stabilis to plausibly allege it believed that was the notice's purpose. Thus, the Court disagrees that it need not accept Stabilis's factual allegations as true and **DENIES** Compass's motion for reconsideration.

SO ORDERED.

SIGNED: August 9, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE