UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STABILIS FUND II, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-283-B |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Compass Bank's (hereinafter "Compass") Motion for Leave to Designate Responsible Third-Parties (Doc. 87) under Texas Civil Practices and Remedies Code § 33.004. Compass seeks leave to designate as responsible third parties the original borrowers on the loan central to this dispute. For the reasons that follow, the Court **DENIES** Defendant's motion.

I.

BACKGROUND[1]

This case arises from Plaintiff Stabilis Fund II, LLC's (hereinafter "Stabilis") purchase of a defaulted commercial loan (hereinafter the "Kaura Loan") from Compass. Doc. 49, Am. Compl., ¶ 1. On March 14, 2013, Stabilis and Compass entered into a loan sale agreement (LSA) in which Stabilis purchased all rights to a $4,050,000 loan Compass made to Vinod Kumar Kaura and Veena

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

-1-

Rani Kaura, in their capacity as Trustees of the Kaura Family Living Trust.[2] *Id.* ¶¶ 16, 47. The Kauras took out the loan to enhance the operation and management of an apartment building they owned in Indio, California. *Id.* ¶ 16. The apartment building was collateral on the Kaura Loan. *Id.* Stabilis claims that before it purchased the Kaura Loan, the Kauras and Compass entered into a loan modification agreement (LMA) that "materially undermined the value of the loan." *Id.* ¶ 3. Stabilis claims that although it conducted due diligence prior to purchase, it was unable to uncover the LMA because Compass concealed the LMA. *Id.* Stabilis claims that had it known of the LMA, it would not have purchased the Kaura Loan. *Id.* ¶ 6.

Based on Compass's alleged failure to disclose the LMA, on September 22, 2017, Stabilis sued Compass in New York state court. Doc. 1, Notice of Removal, ¶ 1. Compass timely removed the suit on diversity grounds to the Southern District of New York. *Id.* ¶ 5. And in February 2018, the Southern District of New York transferred the case to this Court. Doc. 24, Order. Stabilis then filed an Amended Complaint alleging claims for fraudulent inducement, fraudulent concealment, and unjust enrichment based on Compass's alleged misrepresentations and concealment of the LMA. *See* Doc. 49, Am. Compl.

More recently, Compass filed a Motion to Dismiss Stabilis's Amended Complaint, Doc. 52, which the Court granted as to Stabilis's fraudulent-inducement claim based on extra-contractual representations and unjust enrichment claim. Doc. 77, Order, 22. Stabilis's remaining claims against

---

[2] In addition to Vinod Kumar Kaura, Veena Rani Kaura, in their capacity as Trustees of the Kaura Family Living Trust, Compass includes Neil Kaura and Valley and Mountain LLC (an affiliated entity that acquired the property from the Kaura Trust) (hereinafter the "Kauras") as potentially responsible third parties. Doc. 87, Def.'s Mot., ¶ 1. Therefore, this Order addresses all persons and entities designated in Compass's Motion.

Compass are fraudulent inducement—based on the nondisclosure of the LMA in the LSA—and its fraudulent-concealment claim. *See id.* After the Court issued its Order, Compass filed its Motion for Leave to Designate Responsible Third-Parties (Doc. 87) on August 22, 2018, seeking to designate the Kauras as responsible third parties. Stabilis timely filed its Response (Doc. 91) and Compass its Reply (Doc. 96). Therefore, Compass's Motion is ripe for this Court's review.

## II.

## APPLICABLE LAW

Under Chapter 33 of the Texas Civil Practices and Remedies Code, a defendant who is sued in tort may reduce his or her liability by a percentage of responsibility attributed to a responsible third party. Tex. Civ. Prac. & Rem. Code § 33.002(a). The statute defines "responsible third party" as any person who is:

> alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by *negligent act or omission*, by any defective or unreasonably dangerous product, by other *conduct or activity that violates an applicable legal standard*, or by any combination of these.

*Id.* § 33.011(6) (emphasis added). Federal courts have found that Chapter 33 is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure—the closest federal procedural counterpart—and therefore applies to federal diversity cases under the Erie Doctrine. *See, e.g., Hernandez v. Bumbo (Pty.) Ltd.*, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014) (Lynn, C.J.).

Chapter 33 "applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him." *Nels Cary, Inc. v. Day*, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008) (emphasis in original). In other words, Chapter 33 is inapplicable to breach of express or implied warranty claims under the

Uniform Commercial Code. *JHC Ventures, L.P. v. Fast Trucking, Inc.*, 94 S.W.3d 762, 773 (Tex. App.—San Antonio 2002, no pet.) ("[W]e refuse to extend [Chapter 33] to UCC breach of warranty claims.").

## III.

## ANALYSIS

In this case, Compass timely moved for leave to designate the Kauras as responsible third parties with respect to Stabilis's remaining claims. *See* Doc. 87, Def.'s Mot. to Designate Responsible Third-Parties (hereinafter "Def.'s Mot."). Stabilis then timely objected to Compass's Motion, arguing that the Kauras' actions do not permit them to be joined as responsible third parties; therefore, Chapter 33 does not apply. Doc 91, Pl.'s Obj. to Def.'s Mot. to Designate Responsible Third Parties, 1 (hereinafter "Pl.'s Obj.").[3] Worth noting, the inquiry the Court embarks on in this Motion is different than an analysis under § 33.004(g), under which a court would inquire into whether the defendant has plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure. *See* § 33.004(g) (allowing a defendant the opportunity to replead if a court finds that a defendant failed to meet the pleading requirements). Instead, in ruling on this Motion, the Court must determine whether the Kauras can be deemed responsible third parties under Chapter 33 based on their alleged actions related to Stabilis's claims. For the reasons discussed below, the Court finds that these actions do not permit the Kauras to be joined as responsible third parties under Chapter

---

[3] In Stabilis's objection to Compass's Motion, Stabilis briefly argues that "the lack of clarity in Compass' designation is itself ground for denial[;]" however, because the Court ultimately finds that Chapter 33 is inapplicable to the Kauras' actions, the issue of sufficiency of pleadings is moot. *See* Doc 91, Pl.'s Obj., 3; *see also* Doc 96, Def.'s Reply, 9 (Compass conceding that Stabilis only makes a "passing reference" and "does not directly challenge the factual sufficiency of Compass' allegations.")

33, and thus, the Court **DENIES** Compass' Motion without opportunity to replead.

Compass seeks to designate the Kauras—as borrowers and guarantors on the Kaura Loan in the LSA—as responsible third parties because they "at least in part, caused or contributed to the cause of harm for which Stabilis seeks the recovery of damages from Compass in this action." Doc. 87, Def.'s Mot., 1–2. Specifically, Compass argues that the Kauras are liable for the damages sought in the current case for "failure to maintain the property, failure to pay taxes, failure to pay the amounts due on the loan, bringing meritless claims against Compass and Stabilis, and causing repeated delays by the filing of a series of bankruptcy petitions." *Id.* at 6.

Stabilis counters that Compass cannot designate the Kauras as responsible third parties for breach of their contractual duties under the Kaura Loan because Chapter 33 applies only to jointly committed torts, not breach of contract claims. Doc 91, Pl.'s Obj., 1. In Stabilis's view, the Kauras' actions do not trigger Chapter 33 apportionment because "Compass nowhere alleges . . . that the Kauras' [sic] were complicit in the Bank's fraud or were otherwise conducting their own concurrent fraudulent scheme jointly with the Bank." *Id.* at 3. Furthermore, Stabilis argues that it in its suit it is seeking exemplary damages, which are expressly excluded from Chapter 33's scope. *Id.* at 4 (citing Tex. Civ. Prac. & Rem. Code § 33.002(c)(2) ("This chapter does not apply to . . . a claim for exemplary damages included in an action to which this chapter otherwise applies")).

The Court agrees with Stabilis. In its Reply, Compass cites to the Texas Supreme Court's decision in *Nabors Well Servs., Ltd. v. Romero*, for the proposition that Chapter 33's focus is on the "harm" to the plaintiff, and not whether the third party caused or contributed to the cause of the "occurrence." Doc. 96, Def.'s Reply, 3 (citing 456 S.W.3d 553, 562–63 (Tex. 2015)). Thus, Compass argues that although the Kauras did not jointly commit the alleged fraud with Compass, their

conduct did cause or contribute to Stabilis's alleged harm. Doc. 96, Def.'s Reply, 4.

But *Romero*'s holding does not require the Court to designate the Kauras as responsible third parties. In *Romero*, the defendant in an automobile accident was seeking to have the jury apportion responsibility to the plaintiffs—three adults and five children riding in a suburban that collided with defendant's truck—because the plaintiffs' injuries were partially caused by their failure to wear seatbelts. *Romero*, 456 S.W.3d at 555–56. The Texas Supreme Court, highlighting the expansive language in Section 33.011(4) defining "percentage of responsibility" as the percentage of fault attributable to "each responsible third party with respect to *causing or contributing to cause in any way* . . . [the] harm for which recovery of damages is sought[,]" found that although the plaintiffs' failure to wear seatbelts was not the cause of the accident—the defendant's negligent driving was—their failure to wear seatbelts did cause or contribute to their injuries in "any way." *Id.* at 561–62 (citing Tex. Civ. Prac. & Rem. Code § 33.011(4)) (emphasis in original). Thus, the Court held that the jury should have been able to apportion damages to the plaintiffs. *Id.*

However, Compass fails to address that the Texas Supreme Court's decision still required the defendant to show that the "harm" be caused by a "negligent act or omission [or] by other conduct or activity that violates an applicable legal standard," *See id.* at 558; *see also* § 33.011(4), § 33.011(6). Because Texas law at the time of the lawsuit clearly required drivers to properly restrain any child passengers, the Texas Supreme Court did not explicitly analyze whether the "harm" had been caused by a "negligent act or omission [or] by other conduct or activity that violates an applicable legal standard." *See Romero*, 456 S.W.3d at 563. But the facts here are not as simple.

Here, Compass has failed to demonstrate which of the Kauras actions constitute a "negligent act or omission [or] other conduct or activity that violates an applicable legal standard[,]" and that

conduct did cause or contribute to Stabilis's alleged harm. Doc. 96, Def.'s Reply, 4.

But *Romero*'s holding does not require the Court to designate the Kauras as responsible third parties. In *Romero*, the defendant in an automobile accident was seeking to have the jury apportion responsibility to the plaintiffs—three adults and five children riding in a suburban that collided with defendant's truck—because the plaintiffs' injuries were partially caused by their failure to wear seatbelts. *Romero*, 456 S.W.3d at 555–56. The Texas Supreme Court, highlighting the expansive language in Section 33.011(4) defining "percentage of responsibility" as the percentage of fault attributable to "each responsible third party with respect to *causing or contributing to cause in any way* . . . [the] harm for which recovery of damages is sought[,]" found that although the plaintiffs' failure to wear seatbelts was not the cause of the accident—the defendant's negligent driving was—their failure to wear seatbelts did cause or contribute to their injuries in "any way." *Id.* at 561–62 (citing Tex. Civ. Prac. & Rem. Code § 33.011(4)) (emphasis in original). Thus, the Court held that the jury should have been able to apportion damages to the plaintiffs. *Id.*

However, Compass fails to address that the Texas Supreme Court's decision still required the defendant to show that the "harm" be caused by a "negligent act or omission [or] by other conduct or activity that violates an applicable legal standard," *See id.* at 558; *see also* § 33.011(4), § 33.011(6). Because Texas law at the time of the lawsuit clearly required drivers to properly restrain any child passengers, the Texas Supreme Court did not explicitly analyze whether the "harm" had been caused by a "negligent act or omission [or] by other conduct or activity that violates an applicable legal standard." *See Romero*, 456 S.W.3d at 563. But the facts here are not as simple.

Here, Compass has failed to demonstrate which of the Kauras actions constitute a "negligent act or omission [or] other conduct or activity that violates an applicable legal standard[,]" and that

resulted in Stabilis's harm incurred from Compass's alleged fraud. *See* § 33.011(6). In other words, a third party cannot be designated a responsible third party if that party's actions were not "negligent" or otherwise "violat[ed] an applicable legal standard." *Id.*; *see, e.g.*, *Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012) (concluding "that the [defendant] failed to show that NE Methodist or the physicians treating [the plaintiff] there were negligent and thus failed to show that they are responsible third parties"). Here, Compass asserts that the Kauras' "failure to maintain the property, failure to pay taxes, failure to pay the amounts due on the loan, bringing meritless claims against Compass and Stabilis, and causing repeated delays by the filing of a series of bankruptcy petitions" caused Stabilis's harm. Doc. 87, Def.'s Mot., 6. However, none of these acts amount to a "negligent act or omission," "a defective or unreasonably dangerous product," an "activity that violates an applicable legal standard," or "any combination of these." *See* § 33.011(6).

Furthermore, although Stabilis's remaining claims of fraudulent inducement and fraudulent concealment are tort claims—and thus covered by Chapter 33—the Kauras' actions that Compass points to as satisfying responsible-third-party status do not remotely connect the Kauras to any alleged fraudulent activities by Compass. *See ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, 2018 WL 1877015, at *12 (S.D. Tex. April 19, 2018) (Rosenthal, C.J.) (denying counterclaim-defendant's motion to designate a responsible third party without the opportunity to replead on a fraudulent inducement tort claim because defendant failed to connect the allegedly responsible third party with the defendant's misrepresentations). In other words, none of the Kauras' actions contributed to the alleged fraud that Compass is being sued for, and thus, they cannot be responsible third parties for Stabilis's remaining claims. *See City Nat'l Bank of Sulphur Spring v. Smith*, 2016 WL 2586607, at *7–8 (Tex. App.—Texarkana, May 4, 2016, pet. denied) (finding that a bank was not a responsible third

party to a attorney malpractice claim because it only contributed to causing the damages underlying the suit, not the actual malpractice harm that occurred).

As Compass discussed in its Reply, this ruling does not foreclose Compass's opportunity to invoke the one-satisfaction rule to prevent Stabilis from recovering more than one recovery for any damages suffered. *See* Doc. 96, Def.'s Reply, 1–2, 8; *see also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000) (explaining that the rule applies "when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury"). Thus, any potential judgment entered against Compass could still be considered in light of the alleged harm caused by the Kauras' breach of contractual duties and the recovery that Stabilis may have already received. Therefore, the Court **DENIES** Compass's Motion for Leave to Designate Responsible Third Parties (Doc. 87) without the opportunity to replead.

**SO ORDERED.**

**SIGNED: October 3, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE