UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STABILIS FUND II, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0283-B |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are both Plaintiff's and Defendant's Objections to the Magistrate Judge's Order (Docs. 181 & 182, respectively) on Defendant's Motion to Compel (Doc. 92) and Second Motion to Compel (Doc. 114). The Magistrate's Order (the Order) granted in part and denied in part the motions to compel. *See* Doc. 180, Order, 8. For the following reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 181) as to item numbers 14 and 16 on Plaintiff's privilege log. The Court **OVERRULES** Defendant's Objection (Doc. 182) as to item number 1. The Court, however, **ORDERS** the Magistrate Judge to reconsider the parties' arguments on item numbers 2 and 40.

## I.
## BACKGROUND

This case arises from Plaintiff Stabilis's purchase of a defaulted commercial loan from Defendant Compass. Doc. 180, Order, 1. In March 2013, Stabilis and Compass entered into a loan sale agreement (LSA) concerning a loan Compass made to a third party, the Kauras. *Id.* Before the

- 1 -

LSA was executed, Stabilis alleges, the Kauras and Compass executed a loan modification agreement (LMA). *Id.* at 1–2. Stabilis alleges that it did not know about this LMA, despite due diligence. *Id.* Apparently, the LMA decreased the value of the loan. *Id.* at 2.

Previously, Kauras filed suit in California against Compass alleging, *inter alia*, breach of the LMA. *Id.* Pursuant to the LSA, Stabilis defended Compass in that action through its outside counsel, Reed Smith. *Id.* (Internal citation omitted).

Stabilis brought this suit against Compass alleging, *inter alia*, fraud based on Compass's alleged misrepresentations and concealment of the LMA. *Id.* One of the central issues has become Compass's statute-of-limitations argument. Compass believes that the four-year statute of limitations bars the suit at hand, arguing that Stabilis should have known about the LMA by August 30, 2013. *Id.* at 3. Stabilis, in turn, argued that it did not know about the LMA until September 2014, and therefore the suit was timely. *Id.*

Compass has requested email communications between Reed Smith and Stabilis. *Id.* Although Reed Smith represented both Stabilis and Compass in the California case, Reed Smith provided other counsel to Stabilis with regards to "its indemnity obligations and rights against Compass vis-à-vis the LSA." *Id.* Compass brought two motions to compel production of these communications (Docs. 92 & 114), which were referred to Magistrate Judge Toliver. *See* Docs. 95 & 116, Orders of Referral. Stabilis claimed attorney–client privilege and work-product protection for the requested communications. *See* Doc. 144, Pl.'s Mem. of Law and Br. in Support of its Privilege Log 1, 6.

Relevant to this Court's review of Judge Toliver's Order, Judge Toliver ordered (1) item numbers 14 and 16 to be produced based on the joint-representation doctrine; (2) item number 40

to be produced based on the offensive-use doctrine; and (3) item numbers 1 and 2 to be protected by the attorney– client privilege and work-product doctrine. Doc. 180, Order, 5–8.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that a "district judge . . . must consider timely objections" to a magistrate judge's order on a nondispositive matter "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Rule 72(a)'s "'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994)). The Rule's "contrary to law" language, on the other hand, applies to the magistrate's legal conclusions, meaning these conclusions "are reviewable *de novo*, and the district judge reverses if the magistrate judge erred in some respect in his legal conclusions." *Arters v. Univision Radio Broad. TX, LP*, 2009 WL 1212285, at *2 (N.D. Tex. May 12, 2009) (internal alteration and quotation marks omitted) (quoting *Lahr*, 164 F.R.D. at 208) (internal citation omitted). Under either standard, "[a] party who seeks to overturn a magistrate judge's order disposing of a discovery matter shoulders a heavy burden." *Hamilton v. First Am. Title Ins. Co.*, 2010 WL 791421, at *4 (N.D. Tex. Mar. 8, 2010) (collecting cases).

## III.
## ANALYSIS

A.  *Stabilis's Objections*

Plaintiff Stabilis objects to the Order's denial of its assertion of privilege to item numbers 14, 16, and 40 on its privilege log. Doc. 181, Pl.'s Obj. to Mag. Order ("Pl.'s Obj."), 1.

1. <u>Item Numbers 14 and 16</u>

With respect to item numbers 14 and 16, Judge Toliver concluded that Compass was entitled to these email communications between Reed Smith and Stabilis because of Reed Smith's joint representation of Stabilis and Compass in the California action. Doc. 180, Order, 5. Stabilis argues that Judge Toliver committed clear error in making this determination because Judge Toliver "did not analyze whether" these documents "were within the scope of the joint representation." Doc. 181, Pl.'s Obj., 4. Stabilis argues that item numbers 14 and 16 do not pertain to the joint representation, and are therefore still privileged and need not be produced. *Id.* at 3–4.

The Court finds that Judge Toliver's conclusion was not clearly erroneous. Under the joint-representation doctrine, "in a case of joint representation of two clients by an attorney, one client may not invoke the [attorney–client] privilege against the other client *in litigation between them arising from the matter in which they were jointly represented*." *In re Mirant Corp.*, 326 B.R. 646, 649 (Bankr. N.D. Tex 2005) (emphasis added).

First, this Court notes that Judge Toliver cited the proper legal standard set out in *Mirant*. *See* Doc. 180, Order, 5 (explaining the standard and citing *Mirant*). Second, Judge Toliver applied this legal standard to the facts of the case. *See id.* ("Upon consideration of the law and the parties' arguments . . . Compass is entitled to the emails in question based on Reed Smith's joint representation of the parties."). In fact, in applying this standard, Judge Toliver found one document to be outside the scope of Reed Smith's joint representation. *Id.* at 5–6.

Stabilis believes that item numbers 14 and 16 are beyond the scope of the subject matter of the joint representation. Doc. 181, Pl.'s Obj., 4. The joint representation had to do with the Kauras's action against Compass in the California action, while these item numbers discuss Stabilis's legal rights against Compass. However, these item numbers were emails that were sent during the time of the joint representation, and the subject matter involved both Stabilis and Compass. *See* Doc. 185, Def.'s App. 25–29. As Judge Toliver was able to view these documents during an in camera review, the Court concludes that Judge Toliver did not clearly err in her application of the law.

Stabilis's objections to the production of items 14 and 16 are therefore **OVERRULED.**

### 2. Item Number 40

Judge Toliver also ordered Stabilis to produce various documents under the offensive-use doctrine. Doc. 180, Order, 8. Specifically, Judge Toliver found that Stabilis abandoned any argument against application of the offensive-use doctrine as to the foreclosure-related communications, including item number 40. *Id.* Stabilis argues that this was clear error. *See* Doc. 181, Pl.'s Obj., 6.

The offensive-use doctrine allows what would be protected under the attorney–client or work-product privileges to be produced. *Fugro-McClelland Marine Geosciences, Inc. v. Steadfast Ins. Co*, 2008 WL 5273304, at *4 (S.D. Tex. Dec. 19, 2008). The offensive-use doctrine is applicable when "(1) the party asserting the privilege is seeking affirmative relief; (2) the privileged information sought in all probability would be outcome determinative of the cause of action asserted; and (3) the party seeking disclosure has no other means of obtaining the evidence." *Id.* (citing *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993). The party seeking the discovery has the burden of demonstrating that the doctrine applies. *See In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907, 923 (Tex. App.—Dallas 2006).

Here, Judge Toliver found that Stabilis waived any arguments that the offensive-use doctrine does not apply to item numbers 36-61 in this case. Doc. 180, Order, 8. She found that in its briefing, Stabilis responded to Compass's offensive-use arguments as to "only those emails that pertain to the statute of limitations and the meaning of various LSA provisions," and not to the "foreclosure-related emails," which were contained in item numbers 36-61. *Id* at 7–8. Therefore, she ordered those item numbers be produced. *Id.* at 8.

Stabilis contends that Judge Toliver made a clear error in this conclusion, specifically with respect to item number 40. Doc. 181, Pl.'s Obj., 5–6. Stabilis contends that it argued that Compass did not establish offensive use as to all documents, "regardless of the topics addressed in those documents." *Id.* (citing Doc. 144, Pl.'s Mem. in Supp. of Privilege Log ("Pl.'s Mem."), 8–9).

The Court finds clear error as to Judge Toliver's conclusion on document 40 for two reasons. First, the Court finds that Stabilis did in fact respond to Compass's offensive-use arguments concerning the foreclosure-related emails, no matter how sparse that response may have been. In its brief in support of its privilege log, Stabilis argued that "Compass [had] made no showing why *any* of the privileged emails could even potentially be outcome determinative." Doc. 144, Pl.'s Mem., 9 (emphasis added). And, the next sentence of the brief states, "*[a]ll* of the withheld documents consist of routine legal advice concerning Stabilis' rights against Compass under the LSA." *Id* (emphasis added). Thus, although Stabilis's remaining arguments do indeed mention only the LSA provisions and the statute-of-limitations issue, in light of the fact that it is Compass, not Stabilis, that has the burden on this issue, the Court finds that Judge Toliver clearly erred when she found that Stabilis waived its offensive-use argument for item number 40.

Second, Judge Toliver relied on *Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001), for her conclusion that because Stabilis "abandoned" its offensive use argument, item 40 must be produced. *See* Doc. 180, Order, 8 (citing *Vela*, 276 F.3d at 678–79). Even assuming that Stabilis did abandon its argument for document 40, the Court does not believe that *Vela* dictates Judge Toliver's conclusion. In *Vela*, the Fifth Circuit determined that a defendant waived a statute- of-limitations defense after it failed to assert the defense in its response to a summary judgment motion in the district court. 276 F.3d at 678–79. A statute-of-limitations defense is an affirmative defense, and therefore the party asserting the defense has the burden of proof. FED. R. CIV. P. 8(c)(1). Here, the burden to proof was on Compass, not Stabilis. *See In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d at 923. Due to this important distinction, the Court finds that *Vela*'s reasoning does not apply.

Therefore, as it pertains to document 40, the Court finds clear error in Judge Toliver's determination (1) that Stabilis abandoned any argument against the offensive-use doctrine's application and (2) that this dictates the production of document 40. For the foregoing reasons, the Court hereby **ORDERS** that Judge Toliver reconsider whether document 40 falls under the offensive-use doctrine.

B. *Compass's Objections*

A. <u>Item Numbers 1 & 2</u>

Defendant Compass also partially objects to Judge Toliver's Order. Compass believes that Judge Toliver clearly erred when she did not order Stabilis to produce item numbers 1 and 2. Doc. 182, Def.'s Obj. to Mag. Order ("Def.'s Obj."), 1. These item numbers refer to emails between a Stabilis employee and Stabilis's general counsel. Doc. 186, Pl.'s Resp. to Def.'s Obj. ("Pl.'s Resp."), 1.

In the Order, Judge Toliver determined that item number 2 was both privileged and fell outside the joint representation's subject matter. Doc. 180, Order, 5–6. However, Compass argues that it asked Judge Toliver to apply the offensive-use doctrine to item numbers 1 and 2. Doc. 190, Def.'s Reply to Pl.'s Obj., 2 (citing Doc. 136, Def.'s Br. Regarding Pl.'s Privilege Log, 15–16.) Compass believes that "Judge Toliver did not discuss or decide that issue as to documents 1 and 2." Doc. 182, Def.'s Obj., 4. And, "with no analysis of that issue, Compass cannot even argue that Judge Toliver committed clear error in her ruling." Doc. 190, Def.'s Reply to Pl.'s Obj., 2. Compass thus asks this Court to analyze documents 1 and 2 to see if the offensive-use doctrine applies. *Id* at 2–3.

In her order, Judge Toliver discusses the offensive-use doctrine's application to item numbers 36 through 61, but not item numbers 1 and 2. *See* Doc. 180, Order, 7–8. But, Compass never raised an offensive-use argument with respect to item number 1. *See* Doc. 136, Def.'s Br. Regarding Pl.'s Privilege Log, 15–16 (arguing the offensive-use doctrine's application specifically with respect to item number 2, but not item number 1). While Compass did ask the Court to "order Stabilis to produce the documents identified above *and any other documents*" the Court deemed appropriate, *id.* at 18, this request is too vague in light of Compass's burden of proof on this issue. The Court thus overrules Compass's objection to item number 1.

However, Compass did make an offensive-use argument to item number 2. *Id.* at 15–16. Without this application on the record, the Court cannot determine whether Judge Toliver's conclusion as to item number 2 was clearly erroneous.

For the foregoing reasons, Court hereby **OVERRULES** Compass's objection to item number 1, but **ORDERS** Judge Toliver to reconsider whether item number 2 falls under the offensive-use doctrine.

## IV.
## CONCLUSION

The Plaintiff's and Defendant's objections (Docs. 181 & 182) are **GRANTED in part** and **OVERRULED in part.** Plaintiff's objection to Judge Toliver's conclusion on item numbers 14 & 16 is **OVERRULED**. Plaintiff's objection to Judge Toliver's conclusion on item number 40 is **GRANTED** and the issue of the offensive-use doctrine's application to item number 40 is **REMANDED** for the Magistrate Judge's determination. Defendant's objection to Judge Toliver's conclusion on item number 1 is **OVERRULED.** Defendant's objection to item number 2 is **GRANTED** and the issue of the offensive use doctrine's application to item number 2 is **REMANDED** for the Magistrate Judge's determination.

SO ORDERED.

SIGNED: November 15, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE